UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| GYNGER L. WILLIAMS | } | CASE NO. 12-81268-JAC-11 |
| SSN: XXX-XX-8832 | } | |
| | } | |
| | } | CHAPTER 11 |
| Debtor(s). | } | |

**MEMORANDUM OPINION**

This case is before the Court on a motion filed by Wells Fargo to lift the stay on real property pursuant to 11 U.S.C. § 362(d). The debtor owns certain real property commonly referred to as DRW Farms as a joint tenant with the right of survivorship with Patty S. Williams ("P. Williams"). The property is used to operate a poultry farm. The debtor and P. Williams are indebted to Wells Fargo pursuant to a commercial mortgage note and a commercial construction mortgage note both of which are dated January 1, 2007. The original principal balance of the notes totaled $1,362,100.00. The notes are secured by a commercial mortgage and security agreement dated January 17, 2007 granting Wells Fargo a first priority mortgage and security interest in the poultry farm, among other things.[1]

On or about January 17, 2012, the loans matured.[2] The debtor and P. Williams defaulted on same by failing to pay the balance due on or before maturity date. By letter dated February 24, 2012, Wells Fargo made demand for payment in full.[3] The letter provided that Wells Fargo would

---

[1] Motion for Relief From Stay, Ex. 1, ECF No. 31.

[2] Motion for Relief From Stay, Ex. 1, ECF No. 31.

[3] Motion for Relief From Stay, Ex. 7, ECF No. 31.

exercise its remedies available under the applicable loan documents or at law if the loan obligation was not immediately paid.

On April 17, 2012, the debtor, Gynger Lea Williams, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. P. Williams, the co-owner of the subject property and co-obligor, is not in bankruptcy.

On May 30, 2012, the Court held a hearing on Wells Fargo's motion with counsel for both parties present. At the conclusion of the hearing, the Court found that the stay was not in effect with regard to certain insurance proceeds and against additional loan collateral owned by the non-debtor, P. Williams. The Court continued the remaining matters to be heard after further briefing.

On June 26, 2012, the case came before the Court for hearing on the motion to lift stay and on motion by debtor to sell timber located on the subject property free and clear of liens. After additional briefing, the Court finds that the stay is due to be lifted pursuant to 11 U.S.C. § 362(d)(2).

The issues before the Court present a highly unusual situation. A co-obligor on a note and a co-owner of the mortgaged property securing the note seeks to confirm a binding Chapter 11 plan even though relief can be sought against the other co-owner of the subject property. Neither counsel for the debtor nor creditor cited the Court a case directly on point. This quandary presents a major hurdle to survival for confirmation in that the creditor can foreclose against the non-bankrupt party and become a co-owner of the business. The debtor admits that Wells Fargo is free to pursue whatever claims it may have against P. Williams as a co-owner/obligor. Because of this quandary that relief can be had against the co-obligor, the Court finds that the debtor cannot confirm a feasible plan and, thus, the stay is due to be lifted.

2

The filing of a bankruptcy petition operates as a stay of actions by an entity "taken to realize the value of collateral given by the debtor."[4]  "On request of a party in interest and after notice and hearing," § 362(d)(2) authorizes the bankruptcy court to terminate, annul, modify, or condition the stay "with respect to a stay of an act against property," if –

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization.

The Bankruptcy Code allocates the parties' perspective burdens of proof under subsection (d) as follows:

> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
> (2) the party opposing such relief has the burden of proof on all other issues.[5]

Wells Fargo asserts that the debtor has no equity in the collateral. As of the petition date, the balance due on the loans was approximately $1,326,041.15.[6]  Post-petition, Wells Fargo has received approximately $240,000 from additional loan collateral which is due to be applied to the loan balance. At the hearing on this matter, the debtor turned over a check to Wells Fargo for insurance proceeds totaling $150,000 issued to a non-debtor third party to be applied to the debt. As of the hearing date on this matter, Wells Fargo was also scheduled to foreclose on additional loan collateral owned separately by P. Williams. Counsel for Wells Fargo stated in court that the creditor

---

[4] *United Sav. Ass'n of Texas v. Timbers of Inwood Forest, Assocs.,* 484 U.S. 365 (1988).

[5] *In re Allstar Bldg. Products, Inc.,* 834 F.2d 898, 899 (11th Cir. 1987)(quoting 11 U.S.C. § 362(g)).

[6] Motion for Relief From Stay, ECF No. 31.

anticipated a credit bid of $90,000. With these reductions totaling $240,000, the current balance due Wells Fargo is approximately $1,086,041.15.

In her petition, the debtor listed the value of her one-half interest in the real property securing Wells Fargo's loan as $700,000. A recent appraisal obtained by Wells Fargo values the collateral at $980,000. Using either the value listed by the debtor on her schedules of her one-half interest totaling $700,000 or Wells Fargo's appraisal value of $980,000, the debtor clearly has no equity in the property even after receiving credit for the $240,000 in post-petition debt reduction.

Thus, the issue before the Court is whether such property is necessary to an effective reorganization on which the debtor bears the burden of proof.[7] "Once the movant under § 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the *debtor* to establish that the collateral at issue is 'necessary to an effective reorganization.'"[8] The Supreme Court has explained that "[w]hat this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*."[9] This means, according to the Supreme Court, "that there must be '*a reasonable possibility of a successful reorganization within a reasonable time*.'"[10] [emphasis added] "[W]hile the bankruptcy courts demand less detailed showings during the four months in which the debtor is given the exclusive right to put together a plan . . . even within that period lack

---

[7] *United Sav. Ass'n of Texas v. Timbers of Inwood Forest, Ltd.,* 484 U.S. at 375.

[8] *Id.*

[9] *Id.* at 375-376.

[10] *Id.* at 376.

4

of any realistic prospect of effective reorganization will require § 362(d)(2) relief."[11] The Eleventh Circuit has further opined that "[f]or property to be 'necessary to an effective reorganization' of the debtor, it must be demonstrated that an effective reorganization is ***realistically possible***; the mere fact that the property is indispensible to the debtor's survival is insufficient."[12]  [emphasis added]

In this instance, the Court finds that there is not a reasonable possibility that the debtor will be able to confirm a successful plan of reorganization given the requirement in 11 U.S.C. § 1129(a)(11) which provides that the court shall confirm a plan only if "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." Rather it is highly likely that any confirmation of a plan in this case would be followed by the liquidation of the subject property under Alabama law.

As a matter of Alabama property law, a joint tenancy with the right of survivorship is destructible.[13] In *Nunn v. Keith*, 268 So.2d 792 (Ala. 1972), the Supreme Court of Alabama explained that a joint tenancy with right of survivorship is a proper legal state in Alabama and same is destructible. A joint tenancy can be severed under Alabama law by the unilateral act of one joint tenant and by a foreclosing creditor of a joint tenant, thereby defeating the survivorship interest in the property.[14] If a mortgage holder forecloses a joint tenant's interest in real property, the foreclosure sale severs the joint tenancy with the foreclosure purchaser becoming a tenant in

---

[11]  *Id.*

[12]  *In re Albany Partners, Ltd.*, 749 F.2d 670, 673 (11th Cir. 1984).

[13]  ALA. CODE § 35-4-7; *Nunn v. Keith*, 268 So.2d 792 (Ala. 1972).

[14]  *Fadalla v. Fadalla*, 929 So.2d 429, 434 (Ala. 2005).

5

common with the remaining joint owner.[15] The foreclosure purchaser may then force a division and sale of the property.[16]

In this instance, the debtor owns the subject property as a joint tenant with the right of survivorship with a co-obligor on the loans who has not filed for bankruptcy protection and who is not protected by the debtor's automatic stay as there is no co-debtor stay in Chapter 11.[17] There is no statutory section in Chapter 11 of the Bankruptcy Code comparable to § 1301 which provides a co-debtor stay in Chapter 13 cases. As there is no co-debtor stay in a Chapter 11 case, Wells Fargo is free to enforce its rights against P. Williams' interest in the subject property under Alabama law including filing a suit for division and sale following foreclosure. Even if, as the debtor argues, Wells Fargo is prevented from immediately enforcing its rights against P. Williams, the Court finds that it highly probably that Wells Fargo would enforce same following confirmation of any plan thereby liquidating the property which prevents the debtor from being able to satisfy the requirement under § 1129(a)(1) that a court shall confirm a plan only if confirmation is not likely to be followed by liquidation. Thus, the Court finds that the subject collateral is not necessary to the debtor's effective reorganization. There is simply not a reasonable possibility of successful reorganization as it is highly probably that same would be followed by a liquidation of the subject property following confirmation. Accordingly, the stay is due to lift in favor of Wells Fargo.

A separate order will be entered in conformity herewith.

---

[15] *Pridgen v. Shadgett,* 12 So.2d 395 (Ala. 1943).

[16] *Pridgen v. Shadgett,* 12 So.2d 395 (Ala. 1943).

[17] *In re Sunbeam Securities Litigation,* 261 B.R. 534, 536 (S.D. Fla. 2001)(explaining that in Chapter 11 cases "the automatic stay provisions of section 362(a) generally are not available to third-party non-debtors" such as "sureties, guarantors, co-obligors, or other with a similar legal or factual nexus to the . . . debtor").

Done and Ordered this day July 30, 2012

                                                        /s/ Jack Caddell
                                                        Jack Caddell
                                                        U.S. Bankruptcy Judge

xc:    Debtor(s)
        M. Rebecca Hill, attorney for debtor(s)
        Bill D. Bensinger, attorney for creditor
        Richard Blythe, bankruptcy administrator